Louis J. GUZZI, Plaintiff-Appellant,

v.

SEAS SHIPPING COMPANY, Inc., Defendant-Appellee.

No. 21, Docket 25037.

United States Court of Appeals Second Circuit.

Argued Oct. 6, 1959.

Decided Oct. 15, 1959.

Harvey Goldstein, New York City (Benjamin B. Sterling, New York City and S. Eldridge Sampliner, Cleveland, Ohio, on the brief), for plaintiff-appellant.

John J. Crowley, New York City (Frank I. Fallon, Scarsdale, N. Y., and Burlingham, Hupper & Kennedy, New York City, on the brief), for defendant-appellee.

Before LUMBARD, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

This is an action for damages alleged to have been suffered by appellant, chief electrician for many years on defendant's ship, SS Robin Wentley, as the result of an attack by McNamara, a messman on the Wentley. Plaintiff withdrew so much of his claim as had alleged un-

seaworthiness of the vessel and had sought maintenance and cure and went to trial before Judge Bicks and a jury solely on his claim predicated upon the Jones Act, 46 U.S.C.A. § 688.

The only evidence as to liability came from the plaintiff. His testimony was that while the Wentley was in port in South Africa, plaintiff and the vessel's fourth mate were standing near the gangway early in the afternoon; that McNamara, who, shortly before, had served the plaintiff lunch without incident, returned from shore leave and mounted the gangway; that McNamara was "wobbling back and forth" and the mate said, "Here comes up another drunk"; that plaintiff walked away "to avoid an argument"; that, as McNamara stepped on the deck, McNamara said in a "rough voice" that plaintiff had been "on the ship too long" and that McNamara was "going to beat him up"; that McNamara made no attempt to follow plaintiff but walked directly into a passageway leading to McNamara's quarters; that plaintiff, five or six minutes later, regarding the matter as ended and having no fear of any assault, retraced his steps and entered the same passageway that McNamara had used although he could as readily have reached his destination by other routes; and that McNamara then started after plaintiff and struck him on the shoulder, with resulting injuries. Plaintiff admitted that there had been no prior incidents of misbehavior by McNamara and that neither plaintiff nor anyone else on the ship had had any trouble with him.

At the close of plaintiff's case the trial judge, stating that he was "not unmindful of those decisions [of the Supreme Court] which stress the necessity of leaving all fact issues to the jury in cases under the Jones Act and the FELA [45 U.S.C.A. § 51 et seq.]," ruled that here there was no evidence on which the jury could reasonably find negligence on the part of the defendant and granted defendant's motion to dismiss the complaint.

 We agree with the trial judge. Plaintiff had the burden of presenting evidence that would permit the jury to conclude with reason that McNamara constituted a foreseeable risk of danger to plaintiff, against which defendant had a duty to guard. Concededly there was no evidence "that the shipowner knew or should have known of a propensity to violence" on the part of McNamara, Bartholomew v. Universe Tankships, Inc., 2 Cir., 1959, 263 F.2d 437, 444. And such evidence as was presented by plaintiff afforded no basis in reason for a conclusion that McNamara's attack, which was completely unforeseen by plaintiff, a seaman of long experience, was nevertheless foreseeable by the mate. The facts bear no resemblance to those in Jensen v. United States, 3 Cir., 1950, 184 F.2d 72, on which plaintiff relies.

Judgment affirmed.