21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry LAMEIRE, Plaintiff-Appellant,
v.
F/V RESOLUTE, Official No. 553631, its Tackle, Equipment and
Gear in Rem; Pacific King Fisheries, Inc., a
Washington corporation, its owner, in
Personam, Defendants-Appellees.
 
 No. 92-36852.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1994.
Decided April 22, 1994.
 Before: HUG, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pacific King Fisheries, Inc. (Pacific King) owns and operates the vessel F/V Resolute (the Resolute). Larry Lameire, a crewmember of the Resolute, was attacked by Michael Nyugen on the deck of the ship. Lameire appeals the district court's summary judgment in favor of the Resolute and Pacific King. Lameire contends there are genuine issues of material fact regarding his Jones Act negligence and unseaworthiness claims. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 STANDARD OF REVIEW
 
 3
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987) (citing 49er Chevrolet, Inc. v. General Motors Corp., 803 F.2d 1463, 1466 (9th Cir.1986), cert. denied, 480 U.S. 947 (1987)).
 
 DISCUSSION
 
 4
 To avoid a grant of summary judgment in favor of Pacific King on Lameire's Jones Act negligence claim, Lameire must point to "evidence in the record that would warrant the trier of fact to conclude, with reason, that [Nyugen] constituted a foreseeable risk to [Lameire] against which [the defendants] had the duty to guard." Stechcon v. United States, 439 F.2d 792, 793 (9th Cir.1971) (citing Boorus v. West Coast Trans-Oceanic S.S., 299 F.2d 893 (9th Cir.1962); Guzzi v. Seas Shipping Co., 270 F.2d 714 (2d Cir.1959); Connolly v. Farrell Lines, Inc., 268 F.2d 653 (1st Cir.1959)).
 
 
 5
 There is no evidence in the record indicating Nyugen constituted a foreseeable risk or that the defendants were otherwise negligent. Therefore, summary judgment in favor of the defendants was appropriate on the Jones Act negligence claim.
 
 
 6
 Summary judgment was also proper on the unseaworthiness claim. The warranty of seaworthiness applies not only to the ship, but to the crew as well. Boudoin v. Lykes Bros. S.S., 348 U.S. 336, 339 (1955), judgment amended, 350 U.S. 811 (1955). To support his unseaworthiness claim, Lameire had to establish at least a genuine issue of material fact as to whether Nyugen was a member of the crew at the time of that attack. He failed to do so.
 
 
 7
 At the time of the attack, Nyugen's contract of employment had ended and he was housed in a bunkhouse ashore. After an evening in town, Nyugen rode in the taxi with Lameire and others back to the pier where the Resolute was berthed. This did not establish, however, that Nyugen was returning to the vessel as a member of its crew. The bunkhouse where he was housed ashore was in close proximity to the ship. He went aboard the ship, but he did so incident to his attack on Lameire.
 
 
 8
 Nyugen was not a crewmember of the Resolute at the time of the attack.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3